# Martin *v.* Hall.

*Motion for Summary Judgment against Constable and Sureties on his Official Bond.*

1. *Constable's bond; secondary proof of.*—There is no statute requiring or authorizing the recording of a constable's bond, although it is required to be " approved by the judge of probate, and kept in his office" (Code, § 764); and without such statutory authority, the mere recording of it does not make the record competent evidence as a copy: to make such record admissible evidence, it must be proved to be a correct copy, after a proper predicate has been laid for the introduction of secondary evidence.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. H. C. SPEAKE.

This was a motion by William B. Martin, for a summary judgment against Thomas C. Hall and the sureties on his official bond as constable, " on account of the failure of said Hall to make the money on an execution in his hands as constable, in favor of said W. B. Martin, and against Jacob Houst " [or Houts], " issued on the 2d May, 1874, by J. J. St. Clair, justice of the peace, for $24 debt, besides $4 costs of suit; and which, by the use of due diligence, said Hall could have collected." The case was commenced in a justice's court, and was removed by *certiorari* into the Circuit Court, where the plaintiff filed a complaint, claiming $28, with interest from May 2d, 1874, for the failure of said Hall, as constable, " to execute an order of sale issued on a judgment obtained before J. J. St. Clair, a justice of the peace." The defendants pleaded, " in short by consent, the general issue, with leave to give in evidence any matter which, if pleaded in full, would be a bar to this suit; and, 2d, not guilty;" and issue seems to have been joined on both of these pleas. On the trial, as the bill of exceptions shows, the defendants declining to admit the execution of an official bond by them as alleged, the plaintiff introduced John B. Tally as a witness, " who was the probate judge of the county, and the legal custodian of the records, books and papers belonging to the probate office, including the official bonds of constables, and who testified that, on that day, and on the preceding day,

at the request of plaintiff's counsel, he had made diligent search in his office for the official bond of said Hall as bailiff, and had been unable to find any bond given prior to 1876; that he found one given in 1876, and another in 1878, but no other one; that it had been a custom of long standing in the probate office of said county, to keep a book known as the 'Bond Book,' in which were recorded all official bonds required by law to be kept on file in said office, including the official bonds of constables; that he then had in his custody, and in his office, said 'Bond Book' for 1873 and 1874, and in it he found the record or copy of a bond in words and figures as follows," setting it out. "Plaintiff then offered said record of said bond in evidence," but the court excluded it, on objection by the defendants, "because there was no law requiring the official bonds of constables to be recorded." Plaintiff excepted to this ruling, "and then offered said record of said bond as evidence tending to show that such a bond had been executed, and who the sureties thereon were, and what the condition of said lost bond was; but the court refused to admit it as evidence for said purpose, and the plaintiff duly excepted." These rulings of the court are now assigned as error.

ROBINSON & BROWN, R. C. HUNT, and WM. H. NORWOOD, for the appellant.

L. P. WALKER, and HUMES & GORDON, *contra*.

SOMERVILLE, J.—The court very clearly did not err in excluding from the jury, as evidence, the book produced from the office of the probate judge, purporting to contain a recorded copy of the official bond of Hall as constable. There is no statute which requires or authorizes constables' bonds to be *recorded* in the offices of probate judges. The statute merely prescribes that the original bond shall be "approved by the judge of probate, and *kept* in his office."—Code of 1876, § 764. In the absence of such a statutory requirement, the mere recording of a bond, or other instrument, does not make a copy of it evidence. The copy, to be admissible, must be shown to be correct, after laying the usual predicate for such secondary evidence, by proving the loss of the original, and the failure to find it after diligent search.—1 Greenl. Ev. § 91; 1 Whart. Ev. § 115. Or else a certified copy of the *original*, which is made by statute presumptive evidence in any civil cause, was required to be produced.—Code, 1876, § 3047.

Judgment affirmed.